# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KENYOTA AMOS,

                Plaintiff,

      v.                                        Case No. 07-C-710

MCDONALD'S,

                Defendant.

## ORDER

      Plaintiff Kenyota Amos has filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

      Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

Dockets.Justia.com

In making such determinations, the court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that plaintiff is presently unemployed and has no liquid assets or other sources of income. Based on the affidavit of indigence filed, the court is satisfied that the plaintiff meets the poverty requirements of 28 U.S.C. § 1915.

The court now turns its attention to the substance of the complaint. The complaint merely alleges that Defendant McDonalds declined to hire plaintiff. Plaintiff does not make any allegations concerning defendant's motives. Plaintiff's pleadings, even read liberally as required for pro se plaintiffs, do not set forth any elements of any actionable claims under conceivably relevant federal statutes. That defendant refused to employ plaintiff is simply not a sufficient allegation, even if true, to allow plaintiff to secure relief. Therefore, the Court must dismiss the complaint for failure to state a claim upon which relief may be granted. Accordingly, plaintiff's request for the appointment of counsel will also be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **DENIED**.

2

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** for failure to state a claim.

Dated this ___8th___ day of August, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge